## MINERICH v. UNITED STATES. *

Circuit Court of Appeals, Sixth Circuit.
December 7, 1928.

No. 5185.

Joseph W. Sharts, of Dayton, Ohio (Dora S. Bachman and Goldie S. Kanter, both of Columbus, Ohio, on the brief), for appellant.

*Certiorari denied. 49 S. Ct. —, 73 L. Ed. —.

Hugh K. Martin, Asst. U. S. Atty., of Columbus, Ohio.

Before DENISON, MOORMAN, and HICKS, Circuit Judges.

DENISON, Circuit Judge. An information was filed by the United States attorney against Minerich to secure his punishment for contempt of an equity injunction which had been issued by the court below. We infer that the owners of a coal mine in which a strike was in progress had filed the kind of bill familiar in such cases, for the purpose of preventing any unlawful interference by the strikers with the operation of the mine.[1] The injunction contains some very broad prohibitions against aiding in the strike, and also contains specific provisions limiting and regulating the picketing which the strikers may do upon a public highway. It is not questioned that this injunction is generally similar in this latter respect to that approved by the Supreme Court in American Steel Foundries v. Tri-City Central Trades Council, 257 U. S. 184, 42 S. Ct. 72, 66 L. Ed. 189, 27 A. L. R. 360.

Minerich was arrested and brought before the court by process under this information; appearing by counsel, he undertook to plead that he was guilty of doing the acts alleged, but not guilty of contempt. The court declined this plea, and entered one of not guilty. Minerich was convicted and sentenced to 90 days in jail. He now presents many objections, the most serious of which are as follows:

First. He says that he was charged with violating the injunction, and convicted of aiding or inciting others to violate it, thus making a variance. If the information were to be so construed, the point would merit attention; but, while it does at first charge him, in terms, with violation as if committed in person, it proceeds to specify the violation intended to be charged, and shows that this consisted in his addressing a meeting of strikers and urging them to violate the injunction. That this is contempt there could be no doubt; and defendant cannot claim that the proofs surprised him.

---

[1] Upon the trial below it was assumed that, since the bill of complaint was a part of the record of the same court, it need not be formally introduced in evidence. Appellant has not included it in the record on appeal; but we have preferred to assume that it was of the character, like Hitchman Coal & Coke Co. v. Mitchell, 245 U. S. 229, 38 S. Ct. 65, 62 L. Ed. 260, L. R. A. 1918C, 497, Ann. Cas. 1918B, 461, which all parties on the argument before us have taken for granted.

■ Second. He says that there was no proof that he had received notice of the injunction. This contention would be important, if he were at liberty to make it. The proof is that he said to one or the other, or both, of two meetings held in the same locality on the same day—"If the injunction says two pickets put on two hundred pickets. If two hundred pickets is not enough put on two thousand pickets. You will never get any place this way. The way to win this strike is to have a real picket line and violate the damnable injunction." There is no suggestion that there was any other injunction about which defendant could have been talking save this one. He thus confesses knowledge of it.

■ Third. He says that the injunction was void because it went beyond the powers of an equity court, and he argues that some of its extreme provisions amounted to unlawful prohibition of the right of assembly and of free speech. We see no occasion for discussing this question. When a court of equity has jurisdiction of the parties and the subject-matter, its injunction is not wholly void because it may contain some prohibitions that should not have been made. Whether or not those prohibitions could be collaterally attacked on the ground that they were void, it must be clear that they do not make invalid the other prohibitions which were rightfully made.

The order is affirmed.